**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **SHARON-SHAWN A. BELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 26-11351-BEM** |
| ) | |
| **PEABODY PROPERTIES INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**MURPHY, J.**                                                                                    July 20, 2026

*Pro se* plaintiff Sharon-Shawn A. Bell brings this action against Peabody Properties Inc. ("Peabody Properties") and three of its principals or directors (Melissa Fish-Crane; Karen Fish-Will; Mark Regan), claiming that they violated federal law with regard to Bell's tenancy at the Christopher Columbus Plaza Apartments in Boston, Massachusetts ("CCP"). Bell identifies Peabody Properties as the management company for CCP. The parties are not of diverse citizenship. On March 17, 2026, the Court issued an order reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2) and directing Bell to file an amended complaint which states a claim upon which relief may be granted and over which the Court may exercise original jurisdiction. Dkt. 5.

Bell has filed an amended complaint in which she alleges, "The Landlord, Peabody Properties Inc et al are in VIOLATION of the U.S. Code of Federal Regulations HUD Rules by charging [Bell] $500/mo for onsite garage parking in addition to HCV/Section 8-HUD (Federal Entity) Approved Contract Rent." Dkt. 8 at 2 (as in original). Indeed, this claim arises under federal law, but Bell has not plausibly pled a violation of this law. As the Court recognized in its June 17, 2026 order, 24 C.F.R. 982.451(b)(4)(ii) prohibits a landlord participating in the Section

8 Housing Choice Voucher Program from demanding "rent" which is excess of the amount set under forth in the Housing Assistance Payment Contract ("HAP") between a public housing agency and the landlord. However, as the Court also pointed out in the earlier order, under the terms of a HAP, the landlord "may not charge the tenant extra amounts for *items customarily included in rent* to owner in the locality, or provided at no additional cost to unsubsidized tenants in the premises." 24 C.F.R. 510(c) (emphasis added). The regulation does not prohibit the landlord from having a "side contract" for items that are not customarily included in rent.

In support of her claim concerning the allegedly unlawful "side contract" for parking, Bell submitted a copy of an order in *Terry v. Wasatch Advantage Group, LLC*, No. 2:15-cv-00799-KJM-DB, Dkt. 278, 2022 WL 17178388 (E.D. Ca. Nov. 23, 2022). Dkt. 9. In this action, the plaintiffs were tenants who received rental assistance through the Section 8 Housing Choice Voucher. They claimed that the lessors improperly charged them "for additional services and required them to purchase renter's insurance." 2022 WL 17178388, at *1. In the court's order granting the plaintiff's partial motion for summary judgment, the court recognized that "extra charges, even when labeled as additional amenities, can constitute illegal side payments," *id.* at *6 (citation omitted), and it found that the charges at issue constituted "rent" because the tenants faced eviction if they did not pay them, *see id.* at *7.

Here, Bell does not allege that an onsite garage parking spot is customarily included in the "rent" at CCP for tenants who are not participating in the Section 8 Housing Choice Voucher, nor does she allege that her tenancy is at risk if she fails to pay for the parking spot as set forth in the "side contract."[1]

---

[1] In an earlier case, the Court rejected Bell's allegation that the Boston Housing Authority should have required that a parking spot be included in the agency's housing contract with Peabody Properties for Bell's tenancy at CCP. *See Bell v. Boston Housing Auth.*, C.A. No. 24-12425-LTS, Dkt. 3, 25 (D. Mass.), *aff'd*, No. 26-1011, 2026 WL 1963137 (1st Cir. June 22, 2026).

3

In addition, the amended complaint does not set forth any other claim over arising under federal law.  Although Bell states in her prayer for relief that she seeks relief under Section 504 of the Rehabilitation Act, the Fair Housing Act, and the Americans with Disabilities Act, Dkt. 8 at 15, she does not make any factual allegations in support of claims under these statutes.

Accordingly, this action is DISMISSED.  The dismissal is without prejudice as to any claims under state law.

IT IS SO ORDERED.

 /s/ Brian E. Muphy                        
United States District Judge